**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------X   CIVIL ACTION NO.   22CV4930

DONATUS UGWUDIOBI,
YUSUFU JAGANA,
ANTIGHA ABIA,
DOOYUM IGBUDU,
CECILE MIREE,
SEEMAJ POUGH,
ALY ALWARS,

                                  Plaintiffs,
*on behalf of themselves and all others similarly situated*,   **COLLECTIVE & CLASS ACTION COMPLAINT**

              -against-

INTERNATIONAL TRENDZ, LLC,
d/b/a PRESIDENTIAL SECURITY COMPANY, and
ISMAIL QADAR,

                               Defendants.

---------------------------------------------------X

**PLEASE TAKE NOTICE** that Plaintiffs, on behalf of themselves and all others similarly situated, as and for a Collective and Class action complaint against Defendants, allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs bring this collective and class action on behalf of similarly situated hourly employees (the "Collective"), to seek redress for underpayment and late payment of minimum and overtime wages against Defendants, who are providers of security services for their clients in and around the City of New York and its metropolitan area.

2. Defendants, by failing to pay promptly Plaintiffs, the Collective and the Class the federal and state mandated minimum and overtime wage, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq* and the New York Labor Law ("NYLL") §§ 650 *et seq*.

3. Plaintiffs bring this action on behalf of themselves and all current and former hourly

employees of Defendants in New York since August 2019 who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage and hour provisions of the FLSA which deprived Plaintiffs and others similarly situated of promptly and fully paid minimum and overtime wages.

4. Plaintiffs also bring this action on behalf of themselves and all current and former hourly employees of Defendants in New York since August 2016 who do not opt out of this action pursuant to the NYLL and Fed.R.Civ.P. 23, to remedy Defendants' violations of the wage and hour provisions of the NYLL which deprived Plaintiffs and others similarly situated of promptly and fully paid minimum and overtime wages.

5. Plaintiffs hereby seek legal and declaratory relief against Defendants pursuant to federal and New York statutes.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a) as Defendants reside, conduct business and employed Plaintiffs in this judicial district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

9. Plaintiffs are adult individuals who, at all times relevant to this Complaint, were resident citizens of the state of New York, County of Queens, New York, Bronx and/or Kings.

10. At all times relevant to this Complaint, Plaintiffs were employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 651.

11. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA and NYLL.

12. Defendant International Trendz, LLC d/b/a Presidential Security Company ("ITLLC") is a foreign limited liability company doing business within the state and City of New York that maintains its principal place of business at 1650 Market Street, Philadelphia, PA 19103.  ITLLC provides security services to its clients throughout the state of New York.

13. Defendant Ismail Qadar ("QADAR") is a natural person and Chief Executive Officer of Defendant ITLLC, doing business within the state and City of New York that maintains his principal place of business at 1650 Market Street, Philadelphia, PA 19103.  At all times herein relevant, he made hiring, firing, pay, schedule and promotion decisions for Defendant ITLLC.

14. Defendants were at all times herein relevant one or more enterprises engaged in and/or affecting interstate commerce with annual revenues in excess of $500,000.00 and Plaintiffs and others worked for Defendants in interstate commerce using the mails and wires and handling items which moved in interstate commerce, including but not limited to pens, papers, two-way radios, computers, office furniture, office equipment, office supplies, telephones, *inter alia*.

**STATEMENT OF FACTS**

15. Defendants at all relevant times herein employed Plaintiffs as security guards in the security services industry.

16. Plaintiffs worked for Defendants full-time as security guards at various times from 2016 until present at Defendants' New York City locations.

17. The job duties of Plaintiffs, the Collective and the Class included, but were not limited to the following: providing security guard services, general labor; heavy and light cleaning and material moving, etc.

18. Defendants had the right to control, and in fact did control, the hours, hourly pay, assignments, and schedule of Plaintiffs, the Collective and the Class. Plaintiffs, the Collective and the Class were paid on a W-2 basis and evaluated by Defendants.

19. At all relevant times, Defendants failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

20. Plaintiffs, the Collective and the Class worked eight (8) or twelve (12) hour shifts for Defendants and at all times herein relevant Defendants required Plaintiffs, the Collective and the Class to attend to and monitor their assigned posts throughout the duration of their respective work shifts; and controlled the manner in which Plaintiffs, the Collective and the Class did so in terms of frequency, priority and documentation, *inter alia*.

21. Defendants at all times monitored Plaintiffs, the Collective and the Class' compliance with Defendants' guidelines, procedures and policies to ensure compliance therewith in the discharge of Plaintiffs, the Collective and the Class' job duties.

22. Throughout the duration of Plaintiffs, the Collective and the Class tenures, Defendants required them to punch in and out every day in order to track hours worked.

23. Defendants paid Plaintiffs, the Collective and the Class on an hourly basis every two (2) weeks. (Attached as Exhibit 1).

24. At various times throughout the duration of Plaintiffs, the Collective and the Class' tenures, Defendants failed to pay promptly to Plaintiffs, the Collective and the Class minimum wages for all hours worked.

25. At all relevant times, Defendants failed to pay promptly to Plaintiffs, the Collective and the Class overtime wages in excess of forty (40) hours per week, in violation of the overtime provisions of the FLSA and NYLL.

26. For example, during the weeks of 6/5/22-6/11/22, 6/12/22-6/18/22 and 6/19/22-6/25/22 all Plaintiffs worked Monday through Friday 8:00 am to 6:00 pm and Saturday 8:00 am to 2:00 pm, for approximately fifty (50) hours.  Defendants paid Plaintiffs their normal hourly rates for all hours in each of those weeks without premium pay after forty (40) hours.

27. For example, during the weeks of 6/26/22-7/2/22, 7/3/22-7/9/22 and 7/10/22-7/16/22, all Plaintiffs worked Monday through Friday 8:00 am to 6:00 pm and Saturday 9:00 am to 3:00 pm, for approximately forty-five (45) hours.  Defendants failed to pay all Plaintiffs ***any*** wages for each of those weeks.

28. As part of their regular business practices, Defendants intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and NYLL including but not limited to failing to pay promptly Plaintiffs, the Collective and the Class minimum wage for each hour worked and one and one half times their regular rates of pay for all hours worked in excess of forty (40) per week.

29. Upon information and belief, Defendants' unlawful conduct as described herein was pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

30. Defendants' unlawful conduct has been widespread, repeated and consistent; and was not undertaken based on advice of counsel nor guidance from a competent court or governmental agency.

31. Throughout the tenures of Plaintiffs, the Collective and the Class, Defendants provided Plaintiffs, the Collective and the Class with pay statements with each payment of wages that did not include the correct number of hours worked, overtime hours worked, overtime pay rates, the employer's DBA name and the employer's telephone number, *inter alia*.

**COLLECTIVE ALLEGATIONS**

32. Plaintiffs bring the FLSA claims on behalf of all current and former hourly employees of Defendants in New York since August 2019 ("FLSA Collective").

33. Defendants are liable under the FLSA for failing to properly and promptly pay minimum wage for all hours worked and overtime wages for all hours worked greater than forty (40) per week.  As such, notice should be sent to the FLSA Collective.

34. There are numerous similarly situated current and former employees of Defendants who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join.

**CLASS ALLEGATIONS**

35. Plaintiffs sue on their own behalves and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

36. In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiffs also bring this action on behalf of a "Proposed Rule 23 Class", under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of: all current and former hourly employees of Defendants in New York since August 2016.

37. Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class is so numerous that joinder is impracticable.

38. The claims of Plaintiffs are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the

controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

39. The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

40. Plaintiffs have committed themselves to pursuing this action and has retained counsel experienced in employment law and class action litigation.

41. Plaintiffs will fairly and adequately protect the interests of the Proposed Class. Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that Plaintiffs must consider their interests just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class Members.

42. Plaintiffs recognize that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and that they may be called upon to testify in depositions and at trial.

43. Plaintiffs have the same interests in this matter as all other members of the Proposed Class, and Plaintiffs' claims are typical of the Proposed Class.

44. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class.

**FIRST CAUSE OF ACTION: FLSA MINIMUM WAGE (29 U.S.C. §§ 206, 216)**
**(On Behalf of Plaintiffs and Collective Members)**

45. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

46. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

47. Plaintiffs consent to be parties to this action, pursuant to 29 U.S.C. § 216(b).

48. At all times relevant to this action, Plaintiffs and the Collective were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

49. At all times relevant to this action, Plaintiffs and the Collective were engaged in commerce and Defendants were one or more enterprises engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50. Defendants violated the rights of Plaintiffs and the Collective by failing to pay properly and promptly minimum wage for each hour worked, in violation of the FLSA, 29 U.S.C. § 206.

51. Defendants' failure to pay Plaintiffs and the Collective minimum wage was willful within the meaning of the FLSA, 29 U.S.C. § 255.

52. Defendants are liable to Plaintiffs and the Collective who opt in to this action for their unpaid minimum wage, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION: NY MINIMUM WAGE (Labor Law §§ 652, 663)**
**(On Behalf of Plaintiffs and the Class)**

53. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

54. At all times relevant to this action, Plaintiffs and the Class were Defendants' employees within the meaning of NYLL § 651(5).

55. At all times relevant to this action, Defendants were the employers of Plaintiffs and the Class within the meaning of NYLL § 651(6).

56. At all times relevant to this action, Defendants failed to pay Plaintiffs and the Class minimum wage for all hours worked per week in violation of NYLL § 652(1) and 12 N.Y.C.R.R. § 141-1.3.

57. Defendants willfully violated the rights of Plaintiffs and the Class by failing to pay properly and promptly minimum wage due and owing for work performed in violation of NYLL.

58. Due to Defendants' NYLL violations, Plaintiffs and the Class are entitled to recover from Defendants their unpaid minimum wage, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 663.

**THIRD CAUSE OF ACTION: FLSA OVERTIME (29 U.S.C. §§ 207, 216)**
**(On Behalf of Plaintiffs and Collective Members)**

59. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

60. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

61. Plaintiffs consent to be parties to this action, pursuant to 29 U.S.C. § 216(b).

62. At all times relevant to this action, Plaintiffs and the Collective were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

63. At all times relevant to this action, Plaintiffs and the Collective were engaged in commerce and Defendants were one or more enterprises engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

64. Defendants violated the rights of Plaintiffs and the Collective by failing to pay properly and promptly overtime compensation at a rate not less than one and one-half times the regular rates of pay for each hour worked in excess of forty (40) per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

65. Defendants' failure to pay Plaintiffs and the Collective overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255.

66. Defendants are liable to Plaintiffs and the Collective who opt in to this action for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

**FOURTH CAUSE OF ACTION: NY OVERTIME WAGES (Labor Law §§ 652, 663)**
**(On Behalf of Plaintiffs and the Class)**

67. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

68. At all times relevant to this action, Plaintiffs were Defendants' employees within the meaning of NYLL § 651(5).

69. At all times relevant to this action, Defendants were the employers of Plaintiffs and the Class within the meaning of NYLL § 651(6).

70. At all times relevant to this action, Defendants failed to pay Plaintiffs and the Class overtime wages for all hours worked greater than forty (40) per week in violation of NYLL § 652 and 12 N.Y.C.R.R. § 141-1.4

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.

71. Defendants willfully violated the rights of Plaintiffs and the Class by failing to pay overtime wages due and owing for work performed in violation of NYLL.

72. Due to Defendants' NYLL violations, Plaintiffs and the Class are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 663.

**FIFTH CAUSE OF ACTION: NY WAGES (Labor Law §§ 191, 198)**
**(On Behalf of Plaintiffs and the Class)**

73. Plaintiffs allege and incorporate by reference the allegations contained in all preceding paragraphs.

74. At all times relevant to this action, Plaintiffs were Defendants' employees within the meaning of NYLL § 190(2); and manual workers with the meaning of NYLL § 190(4).

75. At all times relevant to this action, Defendants were the employers of Plaintiffs and the Class within the meaning of NYLL § 190(3).

76. At all times relevant to this action, Defendants failed to pay weekly Plaintiffs and the Class' minimum and overtime wages in violation of NYLL § 191(1)(a).

77. Defendants willfully violated the rights of Plaintiffs and the Class by failing to pay promptly and weekly minimum and overtime wages due and owing in violation of NYLL.

78. Due to Defendants' NYLL violations, Plaintiffs and the Class are entitled to recover from Defendants reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 198.

**SIXTH CAUSE OF ACTION: NY WAGE THEFT (Labor Law §§ 195, 198)**
**(On Behalf of Plaintiffs and the Class)**

79. Plaintiffs repeat the foregoing paragraphs in their entirety.

80. Defendants failed to provide Plaintiffs and the Class with wage statements with each wage payment that contained all required information, such as hourly and overtime pay rates, hours worked, overtime hours worked, employer's DBA name, employer's telephone number, etc.

81. As a result of the foregoing, Defendants violated NYLL §§ 195(3) and Plaintiffs and the Class are entitled to recover civil penalties and record-keeping violation liability from Defendants for the duration of said violations.

82. By reason of the aforesaid statutory violation, Defendants are liable to Plaintiffs and the Class.

83. Defendants willfully violated the rights of Plaintiffs and the Class by the aforementioned course of action.

**PRAYER FOR RELIEF**
**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, pray for the following relief:

A. That, at the earliest possible time, Plaintiffs be permitted to give notice of this Collective action, or that the Court issue such notice to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly employees of Defendants in New York since August 2019. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper minimum and/or overtime wages;

B. An award of unpaid minimum wages and overtime, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 216 and New York Labor Law § 663 and 198;

C. An award of liquidated damages for unpaid and late paid minimum wage and overtime pursuant to 29 U.S.C. § 216 and NYLL § 663 and 198;

D. Certification of this case as a Collective action pursuant to 29 U.S.C. § 216 and a Class action pursuant to FRCP 23 and the NYLL;

E. Designation of Plaintiffs as representatives of the Collective and Class, and counsel of record as Collective and Class Counsel; and

F. Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL.

**DEMAND FOR TRIAL BY JURY**

Pursuant to FRCP 38(b), Plaintiffs demand a trial by jury on all questions of fact.

Dated: Brooklyn, New York

August 22, 2022

_____/s/_____
LAW OFFICE OF DAVID WIMS
BY: David C. Wims, Esq. (DW-6964)
*Attorneys for Plaintiffs*
1430 Pitkin Ave., 2nd Fl.
Brooklyn, NY 11233
(646) 393-9550