

Ian E. Smith
ian@spirelawfirm.com
407.494.0135

Spire Law, LLC
2572 W State Rd 426
Suite 2088
Oviedo, FL 32765

spirelawfirm.com

<u>Via Electronic Filing</u>                    August 29, 2023
The Honorable Magistrate Judge Cheryl L. Pollak
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       **Re:** *Donatus Ugwudiobi, et al v. International Trendz, LLC d/b/a Presidential Security Co.*, **Case No. 22-CV-4930-PKC-CLP**[1]

       **Re:** *Jason Odom, et al. v. International Trendz, LLC and Ismail Qadar*, **Case No. 23-CV-828**

Dear Judge Pollak,

I hope this message finds you well. As you are probably aware, this firm serves as counsel for Defendant International Trendz, LLC d/b/a Presidential Security Co. in the above-referenced matters.

This letter address the Motion filed by Justin S. Clark from Levine & Blit, PLLC and Erik M. Bashian, from Bashian & Papantoniou, P.C., on behalf of Plaintiff's Jason Odom ("Odom") and Sahara Jackson ("Jackson") seeking to join in the motion for a Conditional Collective Certification, pursuant to 29 U.S.C. § 216(b). The Motion was filed on or about July 27, 2023. [Doc. 44.]

The Motion also follows the letter motion dated June 14, 2023, submitted by the Law Office of David Wims, on behalf of his clients, in relation to the *Ugwudiobi* matter referenced above.

We contend that seeking conditional certification under the Fair Labor Standards Act ("FLSA") is unnecessary at this time and ultimately wastes both the parties' and Court's time.

**Legal Standard Re Motion for Conditional Certification**

The Second Circuit has held that pursuant to the Fair Labor Standard Act ("FLSA"), plaintiffs seeking certification of a collective action pursuant to 29

---

[1] Consolidated with Jason Odom & Sahara Jackson v. International Trendz, LLC & Ismail Qadar, EDNY Case No. 1:23-CV-00828



U.S.C. § 216(b) must survive a two-stage process. See *Myers v. Hertz Corp.*, 624 F.3d 537, 554-555 (2d Cir. 2010). "This process entails an analysis of whether prospective plaintiffs are 'similarly situated' at . . . an early 'notice stage,' and again after discovery is largely complete." *Garcia v. Chipotle Mexican Grill, Inc.,* No. 16 CIV. 601 (ER), 2016 U.S. Dist. LEXIS 153531, 2016 WL 6561302, at *3 (S.D.N.Y. Nov. 4, 2016) (citing *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012)).

At the "notice stage," which is the current stage of this litigation, the "court makes 'an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred.'" *Id.* (quoting *Myers*, 624 F.3d at 555). "The standard at the first stage is not stringent." *Rojas v. Kalesmeno Corp.*, No. 17 CIV. 0164 (JCF), 2017 U.S. Dist. LEXIS 112491, 2017 WL 3085340, at *3 (S.D.N.Y. July 19, 2017). Plaintiff need only make a "'modest factual showing' based on the 'pleadings and affidavits' that the putative class members were 'victims of a common policy or plan that violated the law.'" *Fernandez v. Sharp Management Corp*., No. 16 CV 551, 2016 U.S. Dist. LEXIS 141916, 2016 WL 5940918, at *2 (S.D.N.Y. Oct. 13, 2016) (quoting *Cardenas v. AAA Carting*, No. 12 Civ. 7178, 2013 U.S. Dist. LEXIS 114982, 2013 WL 4038593, at *1 (S.D.N.Y. Aug. 9, 2013)); accord *Bittencourt v. Ferrara Bakery & Café, Inc*., 310 F.R.D. 106, 111 (S.D.N.Y. 2015).

A plaintiff can make a "modest factual showing" with her own declarations or the declarations of other potential class members. *Trinidad v. Pret a Manger (USA) Ltd*., 962 F. Supp. 2d 545, 557-58 (S.D.N.Y. 2013). "Indeed, courts have granted motions for conditional certification where only one plaintiff submitted a declaration." *Rojas*, 2017 U.S. Dist. LEXIS 112491, 2017 WL 3085340, at *3 (collecting cases).

Although the burden is low, certification is not automatic—<u>conclusory allegations are not sufficient</u>. *Id.* (citing *Raniere v. Citigroup Inc*., 827 F. Supp. 2d 294, 320 (S.D.N.Y. 2011), rev'd on other grounds, 533 Fed. Appx. 11 (2d Cir. 2013)) (citing *Benavides v. Serenity Spa NY Inc*., 166 F. Supp. 3d 474, 481 (S.D.N.Y. 2016)).

Notwithstanding that conclusory allegations may not form the basis of such certifications, there are two (2) other reasons why the Plaintiffs fail in their attempts to seek conditional class certification.



First, the putative Plaintiffs have worked at 4 different locations, all of which implicate joint employer status protections. As the Plaintiffs have experienced employment with the four separate corporate entities, the Plaintiffs have not shared the same experiences and frankly, a class representative from one joint employer could be considered a genuinely different class.

Second, the fact is that the aforementioned Plaintiffs have all received their wages, thereby warranting dismissal of their respective claims, and as such, curing any unpaid wage violation. *See Uraga v. Amici 519 LLC*, 2018 U.S. Dist. LEXIS 124615, *5.

Therefore, we are presented with 3 grounds why Conditional Class Certification should not be granted: (1) Plaintiffs request for Conditional Class Certification is based on purely conclusory allegations, (2) the respective employees are not all within the same sought after class and fail to have standing, and (3) all of the available Plaintiffs have received their unpaid wages and no longer have damages.

While it is true that the Court may hold that the "the evidentiary standard is lenient" as it concerns a Conditional Class Certification, the fact is that Plaintiffs seeking conditional certification "need only make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *See Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008)

To be entitled to conditional certification, a movant is not required to prove an actual FLSA violation, "but rather that a 'factual nexus' exists between the plaintiff's situation, and the situation of other potential plaintiffs." See *Sobczak v. AWL Indus., Inc.,* 540 F. Supp. 2d 354 (2007); See also *Sexton v. Franklin First Fin., Ltd.*, No. 08-cv-4950, 2009 U.S. Dist. LEXIS 50526, 2009 WL 1706535, at (2009). In other words, so long as there is a factual nexus showing some sort of common thread between the Plaintiff's current situation (i.e. his or her allegations of unpaid wages) and the situation of other potential plaintiffs, then the Court will grant the conditional certification.

But what is not being considered here is the following:

1. There are no other "potential plaintiffs" because as of 6/12/2023, Defendant received notice from the U.S.



Department of Labor ("US DOL") that all wages issues have been remedied for all 193 employees. As such, they are currently preparing a Case Closure Notice so they could close out their file accordingly.

1.

2. This will also have the affect of eliminating any future class certifications, as the second step toward class certification, examination of the evidence records to determine if the opt-in plaintiffs are actually similarly situated, and this standard could not be met, as other than the 10 plaintiffs in both cases combined, there are no other members who are suffering from FLSA wage violations.

With that as a backdrop, we go through the 3 arguments against Conditional Class Certification.

**The Desire for Conditional Class Certification Is Based On Conclusory Allegations.**

The Plaintiffs contend that they were non-exempt employees working for Defendants during the period of May 1, 2023 through August 31, 2023 and were not paid the minimum wage and overtime wages. They argue that Defendants have not produced any records during discovery to show that the parties were compensated by Defendants for their work at any time. Thus, the conclusory allegation is that (a) they were not paid what they were owed, and (b) this is the result based on the fictitious allegation that they do not have records from Defendants.

This is untrue, because by the time of this opposition—the Defendant has made payment in full to the Department of Labor, which in turn has provided payment to the Plaintiffs for purposes of their unpaid wages.

Plaintiffs are also seizing on the fact that the Defendant may not have pay records for Ms. Jackson since she began employment after Exodus stopped making payments. This alleged facts, however, is irrelevant because like the other 26 Plaintiffs in this action, her claims were resolved when the Department of Labor's action resolved.



How many times may the Plaintiff's seek recovery from the same dollar owed? Importantly, there is no bad faith here—there was simply an inability of the Defendant to make payment as the money was solely sourced from Exodus Transitional Corporation and the Mayor's Office of Criminal Justice— once those funds were no longer available, the program was unfunded. After Defendant received money due from Exodus Transitional Corporation and the Mayor's Office of Criminal Justice, payment was immediately made to the Department of Labor.

Payments were made in good faith, with objectively reasonable grounds for believing that its acts or omissions did not violate the FLSA, and there was no willful withholding of wages due—so as such, there is no additional recovery here available for the Plaintiffs.  See *Ling Nan Zheng*, 2009 U.S. Dist. LEXIS 41624, 2009 WL 1383488, at *1 (citation and quotation marks omitted).

To say that minimum wages are still owed, to say that there are no records of payment, completely ignores the entire settlement with the USDOL.

**The Plaintiffs Lack Standing Because the Unpaid Wages Issue Was Resolved.**

As a preliminary matter, *standing* is a question of whether (1) the Plaintiff(s) have "suffered an 'injury in fact' that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) [whether] the injury is fairly traceable to the challenged action of the defendant; and (3) [whether] it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." See *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

In a nutshell, the Plaintiffs in this matter were identified as parties to the U.S. Department of Labor proceeding, and to our knowledge, have been paid in full at this time.  We are currently waiting for the Department of Labor to issue us a Notice of Case Closure indicating that the Plaintiffs have been paid what they were owed but from Defendants' perspective, they



have been paid in full as we have paid the outstanding amount requested by the DOL in full.

As a general rule, the settlement of a plaintiff's claim moots an action. See *Lake Coal Co. v. Roberts & Schaefer Co*., 474 U.S. 120, 106 S. Ct. 553, 554, 88 L. Ed.2d 418 (1985); *Hammond Clock Co. v. Schiff*, 293 U.S. 529, 530, 55 S. Ct. 146, 79 L. Ed. 639 (1934). FLSA claims are frequently mooted where an employer/defendant tenders "full payment." See, e.g., *Cameron-Grant v. Maxim Healthcare Servs., Inc.,* 347 F.3d 1240, 1244 (11th Cir. 2003) (mootness doctrine applies to FLSA actions); *Gathagan v. The Rag Shop/Hollywood, Inc.,* No. 04-80520-CIV, 2005 U.S. Dist. LEXIS 47235, 2005 WL 6504414 (S.D.Fla. Feb.10, 2005) (defendant's tender of plaintiff's maximum recoverable damages rendered plaintiff's case moot); *Mackenzie v. Kindred Hosps.* E., 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003) (offer of full relief eliminates a legal dispute upon which federal jurisdiction can be based and renders the case moot).

As their wages are paid in full through the DOL, this matter should be rendered moot and there should be no standing since the injury has already been remedied.

**Because Plaintiffs Have Received Their Unpaid Wages, Their Claims and Ability to Represent a Class are Moot.**

As previously explained, the Plaintiffs have received full compensation, and there is no record from the DOL of any of the Plaintiffs attempting to abandon or reverse the settlement, or even disputing the unpaid wages owed.

As a result, both Plaintiffs' claims and the Plaintiff's ability to represent a class are moot.  When a named plaintiff seeks to have a class certified, but his personal claims subsequently become moot, the Plaintiff loses the ability to represent the class. *See, e.g.*, *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 100 S. Ct. 1202, 63 L. Ed. 2d 479 (1980); [**7]  *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 100 S. Ct. 1166, 63 L. Ed. 2d 427 (1980); *Love v. Turlington*, 733 F.2d 1562 (11th Cir. 1984).



SPIRE LAW

As such, we respectfully request a pre-motion conference on this matter, to discuss if it makes sense to engage in this sort of motion practice, if the Court sees it from the Defendants' perspective of the futility of the motion, and if the Court's position that there is still a reason for conditional class certification, rather than go through the whole practice, if it makes more sense to simply agree to stipulate to toll the deadline to seek class action certification within thirty (30) days from the close of discovery.

We thank you for your time and consideration, and look forward to having a conference on this matter to discuss the next best steps.

We thank the Court for its attention to this matter.

Respectfully,

Ian E. Smith, Esq.


cc:     Honorable Pamela K. Chen (By ECF)
        David C. Wims, Esq. (By ECF)
        Erik Bashian, Esq. (By ECF)
        Justin Clark, Esq. (By ECF)

