

Ian Smith
ian@spirelawfirm.com
407.494.0135

Spire Law, LLC
2572 W State Rd 426
Suite 2088
Oviedo, FL 32765

1 East Broward Boulevard
Suite 700
Ft. Lauderdale, FL, US 33301

**spirelawfirm.com**

Via ECF                                                                                             June 3, 2025
U.S. District Court – E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201
Attn: Honorable Magistrate Judge Cheryl L. Pollak

Re: *Ugwudiobi et al v. International Trendz, LLC d/b/a Presidential Security Co. et al (22CV4930) (RER) (CLP) and Odom et al v. International Trendz, LLC et al (23CV828)*

Dear Judge Pollak,

On behalf of International Trendz, LLC and Ismail Qadar, we respond to Plaintiff's letter compelling production of various documents, Doc. 81, as follows.

Without waiving any objections for relevance or otherwise, Defendants do not object to producing the records Plaintiffs seek to compel in their letter to the Court. Defendants have been unequivocal in explaining to Plaintiffs that International Trendz, LLC d/b/a Presidential Security Company is a shell of its former self and has for all intents and purposes ceased its operations. The company now principally consists of a single employee, its owner Ismail Qadar. Accordingly, any requests for the company's records must be completed by Mr. Qadar alone.

With this understanding, Defendants hereby respond to the specific requests to compel production of the following:

1. Defendant Qadar's and International Trendz, LLC's 2020-2023 federal and state tax returns;

**Response:** On or before June 17, 2025, Defendants will produce Federal and New York State tax returns for Ismail Qadar for the years 2021 and 2022, which include returns for Presidential Security Company. There are no returns for 2020 and 2023-2025.



2. Defendant Qadar's and International Trendz, LLC's 2020-2024 monthly bank statements, including but not limited to Santander Bank and JPMorgan Chase Bank;

Response: Defendants object to this request as these records are not found in the possession of International Trendz or Ismail Qadar and must be requested from the respective banks. Should there be some cost associated with the acquisition of these records, Defendants object to Plaintiffs' effort to shift the costs to Defendants. Without waiving any objection, Defendants will request the records from the respective banks and will produce them upon receipt.

Alternatively, Defendants would not object to Plaintiffs issuing a subpoena for these records from Santander Bank or JPMorgan Chase Bank.

and

3. Executed authorization from Defendant International Trendz, LLC to obtain all payroll records from its former payroll provider- Gusto.

Response: If Plaintiff's will provide an authorization to Gusto for the release of their payroll records, Defendants will agree to execute same.

We thank the Court for its attention to this matter and look forward to a just resolution of this matter.

Sincerely,

*Ian E. Smith*

Ian E. Smith, Esq.
Partner, Spire Law, PLLC